# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHEYENNE A. MOORE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-18-409-R |
| | ) |
| JIMMY MARTIN, Warden | ) |
| | ) |
| Respondent. | ) |

## ORDER

Petitioner Cheyenne A. Moore, a state prisoner serving a life sentence for murder, filed this action under 28 U.S.C. § 2254 seeking habeas relief. *See* Doc. 1. Pursuant to 28 U.S.C. § 636(b)(1), this matter was referred to United States Magistrate Judge Bernard M. Jones ("Judge Jones"). On May 29, 2018, Respondent filed a Motion to Dismiss the petition for habeas relief as time barred. *See* Docs. 7–8. On June 7, 2018, Judge Jones recommended that Respondent's motion be granted. *See* Doc. 10. Petitioner, represented by counsel, timely objected, *see* Doc. 11, giving rise to the Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation objected to. *See* Fed. R. Civ. P. 72(b)(3). Having conducted this *de novo* review, the Court concludes that the petition was not filed within the time limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and should be dismissed.

Petitioner pled guilty to first degree murder and was sentenced to life imprisonment with the possibility of parole on August 16, 1988. *See* Doc. 1, at 1, 5. He was fifteen at the time of the offense. *Id*. Following appeals, his conviction was affirmed by the Oklahoma

Court of Criminal Appeals ("OCCA") on July 14, 2000. Doc 1-1, at 1. Nearly seventeen years later, Petitioner applied for post-conviction relief on April 5, 2017, arguing that his sentence violates his rights under the Eighth Amendment of the United States Constitution. Doc. 1 at 2–3. The state district court denied Petitioner's application on May 26, 2017, and the OCCA affirmed the denial on April 20, 2018. *Id*. In affirming the district court, the OCCA agreed with Petitioner that his challenge to his sentence was not procedurally barred. Doc.1-1, at 2. However, the OCCA also agreed with the district court's conclusion that Petitioner's claim was meritless because he "was not sentenced to life without the possibility of parole, and therefore cannot show that the sentence he received, a life sentence with the possibility of parole, violates the Eighth Amendment . . . ." *Id*.

Petitioner filed his federal habeas petition on April 27, 2018, asserting one ground for relief: under Supreme Court precedent, a state that imposes a life sentence on a juvenile offender must provide that offender with some realistic opportunity to obtain release. Doc. 1, at 7.[1] Though Petitioner has already been considered for parole five times, *see* Doc. 11, at 7, and will be considered again in March 2019, *see* Doc. 8-1, he claims that Oklahoma's parole system denies him the "realistic opportunity" at parole mandated by *Graham v. Florida*, 560 U.S. 48 (2010), *Miller v. Alabama*, 567 U.S. 460 (2012), and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016). Judge Jones found Petitioner's claims time-barred by AEDPA's one-year limitations period. Doc. 10, at 2. Petitioner counters by arguing that an

---

[1] The facts and arguments underlying this petition are virtually identical to a recently-decided habeas action: *Walker v. Aldridge*, No. CIV-18-0382-HE, 2018 WL 3240965 (W.D. Okla. July 3, 2018). Indeed, the filings in the instant matter and *Walker* are, at times, indistinguishable. Thus, the Court finds *Walker*'s logic persuasive and draws upon it in the analysis above.

2

intervening change in the law applicable to juvenile sentences renders his petition timely. *See* Docs. 9, 11.

AEPDA has a 1-year limitations period for an application for a writ of habeas corpus that runs from the latest of the date on which (A) a state court judgment becomes final, (B) an unconstitutional state-created impediment to filing an application is removed, (C) the Supreme Court newly recognizes a constitutional right, or (D) the factual predicate of claims could have been discovered by exercising due diligence. 28 U.S.C. § 2244(d)(1). Judge Jones noted that the parties agree that § 2244(d)(1)(C)[2] is the applicable provision here, though they disagree on the trigger date. Respondent contends that the limitations period began when the Supreme Court decided *Miller v. Alabama*—on June 25, 2012— while Petitioner argues that the period began running when the Supreme Court decided *Montgomery v. Louisiana*—on January 25, 2016. In *Miller*, the Supreme Court held that the Eighth Amendment prohibits mandatory life-without-parole sentences for juvenile offenders, *Miller*, 567 U.S. at 479, a prohibition made retroactive by the Court in *Montgomery*. *See Montgomery*, 136 S. Ct. at 734 ("*Miller* announced a substantive rule of constitutional law. Like other substantive rules, *Miller* is retroactive . . . .").[3]

---

[2] "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C).

[3] Though "Petitioner was given a life sentence—not a sentence of life without the possibility of parole," Judge Jones "proceed[ed], without deciding, as though the decisions in *Miller* and *Montgomery* . . . appli[ed] to [Petitioner's] case." Doc. 10, at 3 n.2. Petitioner is a juvenile homicide offender, like the petitioners in *Miller* and *Montgomery*, but he has received consideration for parole five time to date. While it is doubtful that these Supreme Court decisions apply to Petitioner's sentence, this Court assumes, like Judge Jones, that *Miller* and *Montgomery* apply.

3

In determining that AEDPA's limitations period began running when the Supreme Court decided *Miller*, Judge Jones relied on *Dodd v. United States*, 545 U.S. 353 (2005). *Dodd* addressed whether AEDPA's limitations period begins running on the date the "Court 'initially recognized' the right asserted in an applicant's . . . motion" or on the "date on which the right is 'made retroactiv[e].'"[4] *Dodd*, 545 U.S. at 354–55 (alteration in original) (citation omitted). The Court spoke clearly: "[a]n applicant has one year from the date on which the right he asserts was initially recognized by this Court." *Id*. at 357. Drawing on *Dodd*—and caselaw applying *Dodd* to bar claims brought by petitioners who argued their juvenile sentences were unconstitutional—Judge Jones concluded that the one-year limitations period applicable to Petitioner's claims began running when the Court decided *Miller* on June 25, 2012. Thus, Petitioner, absent tolling, had until June 25, 2013 to file his claim, or it would be barred by AEDPA.[5]

---

[4] *Dodd* involved a habeas petition filed under 28 U.S.C § 2255—unlike the instant petition, which is filed under 28 U.S.C. § 2254—but the pertinent provisions of AEDPA are, in all material aspects, identical. *Compare* 28 U.S.C. § 2244(d)(1)(C) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.") *with* 28 U.S.C. § 2255(f)(3) ("A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."). The only difference is that § 2244 requires the newly-recognized right to be a constitutional right.

[5] Petitioner challenges *Dodd*'s applicability throughout his briefing. *See* Docs. 9, 11. But even assuming *arguendo* that the limitations period began running with *Montgomery*, it is unclear how this would help Petitioner. *Montgomery* was decided on January 25, 2016. Under AEDPA, Petitioner would have had to have sought habeas or post-conviction relief by January 25, 2017 (or thereabouts). But Petitioner sought his first post-conviction relief on April 5, 2017—over two months past a theoretical limitations period started by *Montgomery*. In other words, while *Dodd* clearly controls, the debate between starting the limitations period with *Miller* or with *Montgomery* is largely academic—starting with either would equally bar Petitioner's claim.

Judge Jones also found no grounds for statutory or equitable tolling. First, Petitioner was ineligible for statutory tolling, as he sought post-conviction relief in state court *after* AEDPA's one-year limitations period had expired. *See* 28 U.S.C. § 2244(d)(2); *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."). Petitioner was likewise ineligible for equitable tolling, as he failed to show (1) "that he . . . pursu[ed] his rights diligently" and (2) "that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations marks and citation omitted). Petitioner waited over three-and-a-half years after *Miller* and fourteen months after *Montgomery* to seek post-conviction relief. Such delays alone evince neither diligence nor extraordinary circumstances. *See Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) ("An inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." (internal quotation marks, citation, and alterations omitted)).

Petitioner's Objection, Doc. 10, is unclear,[6] unconvincing, or simply unresponsive to the issues addressed in Judge Jones's Report and Recommendation.[7] Petitioner objects

---

[6] Though Petitioner was represented by counsel, her briefing, at its best, reads as if hurriedly drafted or cobbled together through copies-and-pastes of prior court filings.

[7] Much of Petitioner's Objection is comprised of regurgitated arguments on the merits from past filings. Specifically, Petitioner spends pages arguing that Oklahoma's state parole system does not pass *Graham*'s or *Miller*'s muster and that he indeed has a *de facto* life-without-parole sentence because of these state systemic deficiencies. *See generally* Doc. 11. None of these pages address the central issue of whether the instant petition for habeas relief is timely. And, notwithstanding their inapplicability, the Court finds many of Petitioner's arguments unpersuasive in light of a recent, unpublished order from the Tenth Circuit. *See In re Crenshaw*, No. 18-5073 (10th Cir. May 17, 2018). *In re Crenshaw* also strongly suggests that Petitioner's occasional reliance on *Virginia v. LeBlanc*, 137 S. Ct. 1726 (2017) as an alternate starting date for AEDPA's limitations period is misguided. *See id*.

to the application of *Dodd*, but offers no meaningful argument as to why this Court is not bound by that decision. As to equitable tolling, Petitioner fails to explain why he waited fourteen months after *Montgomery* was decided to seek post-conviction relief. This failure is fatal to any tolling he seeks. *See Sandoval v. Jones*, 447 F. App'x 1, 4 (10th Cir. 2011) ("Equitable tolling is a rare remedy, and [Petitioner] has done next to nothing to show that his situation presents the kind of unusual circumstances that would warrant granting relief." (internal quotation marks and citation omitted)); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (denying habeas relief to petitioner who "provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims").

Accordingly, this Court ADOPTS Judge Jones's Report and Recommendation in its entirety and GRANTS Respondent's motion to dismiss. *See* Docs. 7–8, 10. The action is dismissed with prejudice. Petitioner is denied a certificate of appealability as the Court concludes he has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED this 26th day of September 2018.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE